Dear Dr. Kirkpatrick,
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Nicholls State University ("Nicholls") has requested an opinion of this office regarding whether a transfer of ownership of university endowment funds to the Nicholls Foundation ("Foundation") would be permissible. Nicholls has also requested an opinion regarding whether endowment funds could be invested by the Foundation on behalf of the University. It is the opinion of this office that it would not be permissible for Nicholls to transfer ownership of endowment funds to the Foundation. Additionally, it is the opinion of this office that the endowment funds of Nicholls cannot be invested by the Foundation on behalf of the University.
The following background information was provided to our office. Donations to Nicholls were received from the Chatman Foundation in the early 1990s on behalf of Savannah Foods Industries, the then owner of Raceland Sugars. Around 2000, Savannah Foods Industries sold Raceland Sugars to a local investor. Recently, a request has been made by Raceland Sugars to transfer the ownership of the endowment funds to the Foundation.
It is the opinion of this office that the transfer of ownership of university endowment funds would not be permissible if a request to transfer those funds is made by the donor who made the initial donation to Nicholls or by someone acting on behalf of the original donor. Further, it is the opinion of this office that the transfer of ownership of endowment funds would not be permissible if the company making the request to transfer the funds is no longer affiliated with the donor. As stated above, in the early 1990s, Savannah Foods and Industries made a monetary donation of approximately *Page 2 
$ 100,000 to Nicholls. The donation was used to establish a scholarship program to be identified with Raceland Sugars. The donation at issue was an inter vivos donation. Louisiana Civil Code Article 1468 provides that a donation inter vivos is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it. Therefore, it is the opinion of this office that the transfer of ownership of university endowment funds from Nicholls to any party would not be permissible as such a transfer is not authorized by law and would constitute a prohibited donation pursuant to Article 7, Section 14 of the Louisiana Constitution.
Your second question asked whether endowment funds could be invested by the Foundation on behalf of the University. Nicholls is a governmental entity, thus the provisions of Title 49 of the Louisiana Revised Statutes are applicable. Louisiana Revised Statute 49:308(A) provides that all money received by the state or by any state board, commission, or agency must be deposited immediately upon receipt in the state treasury. However, La. R.S. 49:308(E) provides that the term "state or state board, agency, or commission" as used in Subsection A of La. R.S. 49:308
does not include the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, the Board of Supervisors of Southern University and Agricultural and Mechanical College, the Board of Supervisors of the University of Louisiana System, and the colleges and universities supervised and managed by each. Thus, the university endowment funds are funds which would not be deposited in the state treasury.
Generally, La. R.S. 49:327(C) provides the guidelines for funds which are not on deposit in the state treasury. However, La. R.S. 49:327(C)(3)(a) provides that Section (C) of La. R.S. 49:327 does not apply to funds of state colleges and universities which are derived from gifts and grants, funds functioning as endowments, or other permanent funds. Specifically, La. R.S. 49:327(C)(3)(a) provides that
 [s]aid funds may be invested by the managing board of the investing institution pursuant to R.S. 9:2337.6 or as otherwise provided by law and in accordance with a written investment policy adopted by the managing board and approved by an investment advisory committee comprised of the state treasurer, the legislative auditor, and the commissioner of administration.
Nicholls has such an investment policy envisioned by La. R.S.49:327(C)(3)(a) known as the Centralized Cash Management and Investment Policy. This policy provides that Nicholls conducts investment activities under the authority provided from La. R.S. 49:327 and the policy provides for the following long-term investments:
 The cash forecasting information used for short-term cash needs is the basis for projecting funds available for long-term investments. Certificates of deposit, money market funds, direct United States *Page 3 
Treasury obligations, United States government agency obligations, and direct security repurchase agreements are the primary longterm investments used by the University. Prohibited investments include any high-risk investments that may result in a loss of principal.
The long-term investments described in the Nicholls written investment policy do not include management by a private organization such as the Foundation. Based on a review of the above cited policy, it is the opinion of this office that the endowment funds of Nicholls cannot be invested by the Foundation on behalf of the University.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By:
 Cherie A. Lato
 Assistant Attorney General